## ROBERT ELLIOTT, qui tam, v. DAVID RICHARDS.

Court of Common Pleas.  April, 1796.

*Wilson's Red Book, 98.*

88

*Ridgely* and *Bayard* for plaintiff.

*Peery* and *Wilson* for defendant.

Plaintiff moved to amend *narratio* by striking out the names of the Negroes, which, on argument, the Court allowed on offering the defendant a term's delay (which he refused), without the condition of costs.

Plaintiff asked of his witness for declarations of a certain John Harrison, who was the purchaser of the Negroes, relative to the place whither he was going from the place called Northwest Fork Bridge in the State of Maryland, and to what place he was about to carry and conduct the said Negroes.

Defendant objected that a commission might have issued for the taking Harrison's evidence, and that such declarations were not legal evidence.

PER CURIAM. Declarations of his as to the place etc. are evidence.

We took an exception. The Court would not sign a bill that did not contain the evidence given in before the evidence excepted to.

The time laid in the declaration was December, 1793. The evidence in 1794 in the winter.

BASSETT, C. J. (In his charge.) Gentlemen, it has been truly said on both sides of this question that this [is] the first suit that has ever been brought upon this Act of Assembly. There is a variety of rules laid down for the construction of statutes. The rule that a penal statute ought to be construed strictly, and the letter must be attended to, and that it cannot extend to crimes not mentioned in it, is a good rule and cited in many books. In some cases it is laid down that they are to be construed benefi-

cially, and what is within the meaning is within the letter; and it should be so construed to prevent the mischief and extend the remedy. In the construction of a statute four things are to be attended to: first, what the law was before the act; second, what was the mischief to be prevented by the act; third, what remedy is applied; fourth, the true reason of the statute, to prevent false interpretations and misapplications. The Act of Assembly sued on is a supplement to an Act which has been read. The preamble of a law is the key to the interpretation. (Reads it.) It may be necessary to take some notice of the points disputed; it has been said nothing but positive proof is sufficient to found a verdict upon. This is the law in no case whatever; if it was, no person could obtain or keep his property. Violent presumption is sufficient where there is not positive proof. Circumstances are received as well as positive proof. Many have lost their lives upon presumptive evidence, and, if it is sufficient there when his life is at stake, surely it is when only his property is at stake. Time is not material, 1 Bac.Abr. 41, though so far material that the fact must happen before the suit brought; but, when the transaction is on a different day from the one laid, it is immaterial. You will apply the evidence, but you will observe the rule that the law should be so construed as to suppress the mischief and advance the remedy. If you are satisfied the fact was so, you will find defendant guilty, if not, you will acquit him, but you will cast out of doors what you have heard elsewhere. It is not for me nor you to determine that the law is good or bad.

Verdict for £100.